FILED
CLERK U.S. DISTRICT COURT

JUN 3 0 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

LUIS ALBERTO TINOCO,　　　　) Case No. CV 08-00458-FMC (SH)
　　　　　　　　　　　　　　 )
　　　　　　Petitioner,　　　 ) MEMORANDUM AND ORDER
　　　　　　　　　　　　　　 ) DISMISSING PETITION FOR WRIT
　　　　　　　　　　　　　　 ) OF HABEAS CORPUS WITHOUT
　　　　　　　　　　　　　　 ) PREJUDICE
　　v.　　　　　　　　　　　 )
　　　　　　　　　　　　　　 )
D.L. RUNNELS, Warden, et al.,　)
　　　　　　　　　　　　　　 )
　　　　　　Respondents.　　　)
_____)

　　　On January 24, 2008, pro se petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"), pursuant to 28 U.S.C. § 2255.[1]

---

[1]　At the time of the filing of the Petition, petitioner was being held by the Immigration and Customs Enforcement, Department of Homeland Security, at the San Diego Correctional Facility in San Diego Correctional Facility .

　　　The Notice of Reference to a United States Magistrate Judge, filed on January 24, 2008, provides that:
　　　"The Court must be notified within fifteen (15) days of any address change. If mail directed by the clerk to your address of record is returned undeliverable to the Post Office, and if the Court and opposing counsel are not notified in writing

1

In the Petition, petitioner challenged his 2002 sale of methamphetamine convictions in Los Angeles Superior Court. As best the Court glean from petitioner's allegations, the Petition alleges the following claims: (1) Petitioner received ineffective assistance of counsel; (2) There was police misconduct (i.e., "the involvement of undercover agents and informers in contraband offenses"), in violation of petitioner's constitutional right to due process; (3) Petitioner was denied his right to a speedy trial, in violation of the California Constitution and the United States Constitution; (4) The third retrial constituted a double jeopardy violation; (5) Petitioner's convictions were the result of multiple inducements which constituted entrapment; and (6) The trial court admitted evidence of tape recorded statements, in violation of petitioner's state and federal rights to due process. (See Petition at 1-3).

After receiving extensions of time, the United States of America, construing petitioner's Petition as a habeas petition by a person in state custody pursuant to 28 U.S.C. § 2254,[2] moved to dismiss the Petition based on petitioner's failure to name the proper respondent (the state officer with custody over petitioner).

---

within fifteen (15) days thereafter of your current address, the Court may dismiss the petition with or without prejudice for want of prosecution."

In a Minute Order issued on January 28, 2008, the Court informed petitioner that when submitting pleadings he must do as follows:
"At the top of page 1 (or the cover sheet, if any), petitioner shall provide his/her precise name and mailing address (including any prisoner number or dorm wing or building number) required for mail to be properly delivered. The address provided will be presumed correct and will be used to communicate with petitioner. During the pendency of the action, petitioner must notify the court immediately if his/her address changes and must provide the court with the new address and its effective date. Any failure by petitioner to comply with a court order where petitioner did not receive the order due to failure to inform the court of petitioner's current address may result in the action being dismissed for petitioner's failure to prosecute. See Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988)."

[2] The United States of America noted that petitioner previously filed a petition for a writ of habeas corpus by a person in state custody (Case No. 05-00512-FMC (Mc)) herein, which was dismissed without prejudice based on petitioner's failure to exhaust his state remedies.

1   In a Minute Order issued on April 14, 2008, the Court ordered petitioner to
2  file any opposition to the motion to dismiss within a specified time.  In a Minute
3  Order issued on April 21, 2008, the Court ordered the Court Clerk to send
4  petitioner a copy of the motion to dismiss, and extended the time for petitioner to
5  file an opposition.

6   On May 6, 2008, petitioner filed two pleadings: (1) "Petitioner's Motion to
7  Renaming the Appropriate State Officers State or County as Respondent(s)"
8  ("Motion to Rename"); and (2) "Respondent Memorandum of Points and
9  Authorities in Support" ("Supporting Memorandum"). In both pleadings, petitioner
10 indicated that he was still being housed at the San Diego Correctional Facility in
11 San Diego, California.

12  In a Minute Order issued on May 7, 2008, the Court stated that it was clear
13 that petitioner wanted to amend his Petition to name the proper state respondent(s),
14 but it was unclear what petitioner was attempting to do by filing the Supporting
15 Memorandum.  The Court ordered the following: (1) The Court Clerk was directed
16 to provide petitioner with the Central District form for a Petition for Writ of Habeas
17 Corpus by a Person in State Custody (pursuant to 28 U.S.C. § 2254); (2) Petitioner
18 was ordered to file a First Amended Petition on the proper form and which named
19 the proper respondent(s) within 30 days; (3) The United States of America was
20 ordered to file a notice identifying the name(s) of the proper respondent(s) within
21 5 days; and (4) Petitioner's Motion to Rename was denied, and a portion of the
22 Court's April 14, 2008 Minute Order was vacated.

23  A copy of the Court's May 7, 2008 Minute Order, which was sent to
24 petitioner's stated address in San Diego, California, was returned to the Court with
25 the notation "Return to Sender: No longer in Custody."

26  A pro se petitioner's failure to advise the Court of a change in his address
27 warrants dismissal for failure to prosecute. See Carey v. King, 856 F.2d 1439,
28 1440-41 (9th Cir. 1988) ("It would be absurd to require the district court to hold a

case in abeyance indefinitely just because it is unable, through the petitioner's own fault, to contact the petition to determine if his reasons for not prosecuting his lawsuit are reasonable or not."); Central District Local Rule 41-6.[3] After weighing the relevant factors,[4] the Court finds that petitioner's Petition should be dismissed without prejudice based on petitioner's failure to prosecute.

DATED: June 30, 2008

FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

Presented by:
Date 6/27/08

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Central District Local Rule 41-6 provides that:
"A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution."

[4] The factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Carey v. King, supra, 856 F.2d at 1440.